**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6922

KENNETH A. WHITE,

       Petitioner - Appellant,

    v.

R. BROWN, Warden, FCI Gilmer,

       Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:24-cv-00058-GMG-RWT)

Submitted:  November 14, 2024                 Decided:  November 19, 2024

Before THACKER and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kenneth A. White, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth A. White, a federal prisoner, appeals the district court's order dismissing for lack of subject matter jurisdiction his 28 U.S.C. § 2241 petition in which he sought to challenge his sentence by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

However, 28 U.S.C. § 2255(h) "specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences," and a prisoner's inability to satisfy those conditions "does not mean that he can bring his claim in a habeas petition under the savings clause." *Jones v. Hendrix*, 599 U.S. 465, 480 (2023). Here, the district court correctly concluded that because White cannot challenge his sentence under the savings clause, the court lacked jurisdiction over his petition.

Accordingly, we affirm the district court's order. *White v. Brown*, No. 3:24-cv-00058-GMG-RWT (N.D. W. Va. Sept. 9, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

2